Ríos, PLAINTIFF AND APPELLANT, *v.* CENTRAL PASTO VIEJO, INC., DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Denial of a Servitude.—Injunction.

No. 2714.—Decided December 5, 1922.

SERVITUDE—RIGHT OF WAY—RAILROAD—INJUNCTION PENDENTE LITE—DISCRETION OF COURT—PLEADINGS—IMMEDIATE INJURY.—The Supreme Court will not interfere with the exercise of its discretion by the lower court in denying an injunction *pendente lite* moved for in an action of denial of a servitude, removal of railroad tracks, injunction and damages, when the pleadings, which were the only evidence before the court, tend to show agreements between the defendants and the former owners, who permitted the laying of a railroad track, and the plaintiff and his predecessors for many years failed to take any action towards the removal of the track, and when, besides, there is nothing to show serious immediate injury.

The facts are stated in the opinion.
*Mr. H. R. Francis* for the appellant.
*Mr. H. G. Molina* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a suit to annul a servitude (*negatoria de servidumbre*), for the removal of railroad rails, for an injunction and for damages the complainant also asked for an injunction *pendente lite.*

The court below refused an order *pendente lite* because no irreparable damage appeared and that the alleged damages could be recovered in an ordinary suit.

Without stopping to inquire into the exact nature of the

reasons for the refusal of the order, we think the action of the court should be affirmed for the following reasons:

1. The record shows that the only proof before the court was the pleadings and that the answer set up apparently good or debatable defences. In these conditions ordinarily a court of appeal will not go beyond the discretion of the court in refusing the injunction.

2. The pleadings tended to show agreements or an understanding with previous owners permitting a railroad to run over the land more or less permanently and that a railroad was actively in operation in connection with the mill of the defendant.

3. The complainant and her predecessors suffered years to go by without acting to have the rails removed and this apparent absence of vigilance could not be overcome by a mere presentation of verified pleadings to the immediate injury of the defendant and its going concern.

4. There was no showing of immediate great injury to the complainant.

The order appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.